IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-205-FL

| | |
|---|---|
| HERBERT J. ARNDT, )<br> )<br>         Plaintiff, )<br> )<br>   v. )<br> )<br>HUGH HURWITZ, Acting Director of the )<br>Federal Bureau of Prisons, and WILLIAM )<br>BARR, in his official capacity as Attorney )<br>General, )<br> )<br>         Defendants. ) | **ORDER** |

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (DE 14). The issued raised have been fully briefed, and in this posture are ripe for ruling. For the reasons noted, defendants' motion is granted.

**BACKGROUND**

Plaintiff, a former correctional officer proceeding pro se, initiated this action on November 19, 2018, asserting defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.. Service of process was due February 17, 2019. On February 19, 2019, the clerk of court sent plaintiff notice of his failure to perfect service within 90 days, and directed him to demonstrate good cause for why service was not made within the prescribed period. Plaintiff responded by filing a process server's invoice, which did not show proof of service.

On March 4, 2019, the court found good cause to extend the service deadline pursuant to

Rule 4(m), directing plaintiff to make service within 21 days of the order. The court explained that plaintiff must "to complete service on defendants in compliance with the rules of service as outlined in both the Federal and North Carolina Rules of Civil Procedure," specifically citing Federal Rules 4(i) and 4(m), as well as North Carolina Rules 4(j)(1)(c)–4(j)(1)(e). One week later, plaintiff filed two affidavits attesting that, on February 27, 2019, the process server delivered a copy of the summons and complaint to a secretary at the United States Department of Justice. (See Server Aff. (DE 11, 12)). Defendants filed the instant motion to dismiss on April 22, 2019.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993)( "[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure

of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs, 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

B.     Analysis

Where a plaintiff brings an action against an agency of the United States or a United States officer sued in his official capacity, the plaintiff must serve process in accordance Rule 4(i). This entails (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or to an Assistant United States Attorney or clerical employee designated by the United States Attorney, or by sending a copy of the documents by registered or certified mail to the civil process clerk at the office of the United States Attorney; (2) sending a copy of the of the summons and complaint to the Attorney General of the United States by registered or certified mail; and (3) sending a copy of the summons and complaint by registered and certified mail to the agency or officer in question. See Fed. R. Civ. P. 4(i)(1), (2).

Here, plaintiff has failed to meet the requirements of Rule 4(i). Plaintiff has not shown proof of service on the United States Attorney for the Eastern District of North Carolina. See Fed. R. Civ. P. 4(i)(1)(A). In addition, his process server attempted to serve both the Attorney General and the Acting Director of the Bureau of prisons by delivering process to a secretary at the office of the Department of Justice. (See Server Aff. (DE 11, 12)). Even liberally construed, such service plainly is not by registered or certified mail. See Fed. R. Civ. P. 4(i)(1)(B), (2).

Plaintiff contends that he must be given an extension of time under Rule 4(i)(4)(A), which allows for reasonable time to cure a failure to serve an agency, corporation, officer, or employee sued in an official capacity "if the party has served either the United States attorney or the Attorney General of the United States."[1] Fed. R. Civ. P. 4(i)(4)(A); see Fed. R. Civ. P. (4)(i)(2). However, as discussed above, plaintiff has not served either United States attorney or the Attorney General. (See Server Aff. (DE 11, 12)). Consequently, plaintiff is not entitled to an extension of time to serve process under Rule 4(i)(4)(A).

All that remains is to determine the appropriate relief in this instance. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court in its discretion chooses the latter option. Within 45 days, plaintiff is ordered to perfect service and file proof of the same. Failure to timely perfect service on defendants will result in dismissal of this action without prejudice.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process (DE 14) is GRANTED. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff is ALLOWED an additional 45 days from the date of this order to perfect service and provide proof of service to the court. Should plaintiff fail to perfect service within that time, the clerk is DIRECTED to close this case without further order from the court.

---

[1] Rule 4(i)(4)(B) allows reasonable time to serve the United States in individual capacity suits against government officers or employees. See Fed. R. Civ. P. 4(i)(3), 4(i)(4)(B). This provision is inapplicable, since plaintiff is not suing defendants in their individual capacities. (See Compl. ¶¶ 5, 6).

SO ORDERED, this the 7th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge